The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 1 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-30148 |
| | ) | |
| Tangi Dyan Fletcher | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER**

This case was closed without discharge on May 9, 2012, because Debtor did not file her Official Form 23, Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management. The court held a hearing on July 31, 2012, on Debtor's Motion to Reopen Bankruptcy Case [Doc. # 22] and her Ex Parte Motion to Waive Filing Fee [Doc. # 23]. Debtor and Attorney for Debtor appeared in person at the hearing.

Debtor wants to reopen her case to file the missing Form 23 and to get her Chapter 7 discharge thereafter. She asserts equitable grounds as the basis for both motions, in that the failure to file the Form 23 occurred through inadvertence, difficult personal circumstances and misunderstanding of the deadline. While theses considerations present a proper basis under Section 350 of the Bankruptcy Code to reopen her case, which will be effected by separate order of the court, they do not allow the court to waive or refund the filing fee due upon the filing of the motion to reopen, which Debtor has paid.

The fee policies of the Judicial Conference of the United States, which this court must follow, 28 U.S.C. § 1930(a) and (b); Bankruptcy Fee Compendium III (available on court's website under Fees tab),

Part A at ¶¶ 1-4, p. 2, generally prohibit refund of the filing fees due upon filing a motion to reopen a case except where reopening is necessary either to correct an administrative error or to commence an action relating to discharge, Compendium Part A at ¶ 8, p. 14 and Part J at ¶ 1.A.(1)-(6) (Refunds Prohibited). The phrase "to correct an administrative error" as used in the Judicial Conference policy means an error by the clerk or the court itself and "does not include errors by the debtor, the debtor's attorney or the trustee." And the exemption for actions related to discharge "is inapplicable to cases closed or dismissed because the debtor failed to certify it underwent the required debtor education course."

Locally, the Judicial Conference's policy has been implemented most recently by Local Bankruptcy Rule 5080-1 Fees-General, which states as follows:

> a. *General Rule*. Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.
> b. *Requests for Refund*. All requests for the refund of the payment of fees collected without authority or due to administrative error on the part of the clerk's office shall be by written motion. If granted, refunds will be processed through the electronic credit card system. Repeated refund requests may result in an order to show cause why further requests for refunds should be considered.

The $260 filing fee for the motion to reopen was not collected by the Clerk without authority. The statutory authority for the fee is 28 U.S.C. § 1930(b) as implemented by the Compendium and the Bankruptcy Court Miscellaneous Fee Schedule attached as Exhibit 2 to the Compendium. As of November 2011 the total amount of the fees due upon filing a motion to reopen a Chapter 7 case is $260 ($245 filing fee plus $15 Trustee surcharge). Compendium Exh. 2 ¶¶ 9,11. That is the amount that was imposed through the ECF system and paid by Counsel. [1]

Lastly, effective October 17, 2005, BAPCPA changed prior law to allow bankruptcy courts to waive the case filing fee, including on case reopening, if a debtor qualifies for *in forma pauperis* ("IFP") status under 28 U.S.C. § 1930(f) and an application completed on the appropriate Official Form is filed and granted. *See* Fed. R. Bankr. P. 1006(c). The minimum qualification for IFP status is that a debtor has income of less than 150% of the income official poverty line as defined by the Office of Management and Budget for a household of the debtor's size. 28 U.S.C. § 1930(f). Under Judicial Conference policy, "[t]he court, if it waives the original filing fee, may waive all the other bankruptcy court fees for that chapter 7

---

[1] The Court of Appeals for the Ninth Circuit held that bankruptcy courts also lack authority to waive prepayment of filing fees. *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992). This decision predates the amendments to 28 U.S.C. § 1930 under BAPCPA adding subpart (f) to allow waiver on the basis of IFP status as discussed below.

individual debtor." 28 U.S.C. § 1930(f)(2). Debtor's Schedule I shows that she was not eligible for IFP status at the commencement of the case. For a household of 2 in 2012, 150% of the income official poverty line as defined by the Office of Management and Budget for a household of Debtor's size (2) is $1,891.25 on a monthly basis. This compares to Debtor's monthly income of $2,612.00 at filing as shown on her Schedule I. [Doc. # 1, p.28/56]. The exception for IFP status also does not apply in this case.

In summary, while Debtor presents a basis for reopening this case under 11 U.S.C. § 350 to afford relief to her–namely the filing of her Form 23 and her Chapter 7 discharge-- no basis has been shown for refund or waiver of the filing fees for the motion to reopen. Therefore, based on the foregoing, and as otherwise stated by the court on the record at the hearing on July 31, 2012,

**IT IS ORDERED** that Ex Parte Motion to Waive Filing Fee [Doc. # 23] be, and it hereby is, **DENIED.**

###